UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| LARRY T. FRYE, SR. AND VELETTA FRYE, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 1:06-cv-1635-SEB-VSS |
| | ) | |
| MEDCOMP, INC., | ) | |
| Defendant. | ) | |

**ENTRY GRANTING MEDICAL COMPONENTS, INC.'S MOTION TO DISMISS**

This cause is before the Court on the Motion to Dismiss [Docket No. 11] filed by

Defendant, Medical Components, Inc. (improperly sued as "MedComp., Inc."), pursuant

to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief

can be granted.  For the reasons detailed in this entry, we GRANT Defendant's Motion to

Dismiss.

Factual Background

 Plaintiff Larry T. Frye, Sr. brought this products liability suit after a catheter,

which had been inserted into him for the administration of chemotherapy, allegedly

malfunctioned at Bloomington Hospital in Bloomington, Indiana, on May 13, 2004.

Notice of Removal Ex. A (Compl.) ¶¶ 3, 4.  The catheter's alleged malfunction caused

chemotherapeutic agents to leak into Mr. Frye's chest and neck, causing permanent

damage, pain, scarring, and the need for further medical treatment.  Id. at ¶¶ 5-8, 10.

On May 12, 2006, Plaintiffs filed a Complaint for damages in Monroe County

Circuit Court naming "MedComp, Inc." as Defendant.  Id.  It alleged that Defendant was "an Indiana Corporation in the business of manufacturing, distributing, [sic] medical products including catheters for chemotherapy" and that Defendant "made and manufactured a defective product."  Id. at ¶¶ 2, 9.  On June 13, 2006, attorney Cynthia Ball appeared on behalf of MedComp, Inc., an Indiana corporation, and on July 19, 2006 filed an Answer on behalf of MedComp, Inc.

On September 18, 2006, an alias summons was issued by the Monroe Circuit Court to "MedComp, Inc." at an address in Harleysville, Pennsylvania – the address of Medical Components, Inc.  (Notice of Removal Ex. A (Alias Summons).)  The alias summons was served on Medical Components, Inc. on October 19, 2006.  (Def.'s Mem. at 2.)  Counsel appeared for Medical Components, Inc. on November 13, 2006, and filed a Notice of Removal to this court, based on diversity jurisdiction.[1]  See 28 U.S.C. § 1332(a); 28 U.S.C. § 1441.

On December 5, 2006, Medical Components, Inc. filed the pending Motion to Dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted.[2]  It contends that Plaintiffs' claims should be dismissed because Plaintiffs have never properly named Medical Components, Inc. as a defendant in this action and

---

[1] The Notice of Removal asserted that the matter in controversy exceeded seventy-five thousand dollars ($75,000.00) and was between citizens of different states.  Plaintiffs are Indiana residents and Medical Components, Inc. is incorporated under the laws of, and has its principal place of business in, Pennsylvania.  (Notice of Removal ¶¶ 3-5.)

[2] We note that Plaintiffs have not filed any response in opposition to Defendant's motion within (or, for that matter, after) the time frame prescribed by our Local Rules.  See L.R. 7.1(a).

2

because Plaintiffs' claims are time-barred.  <u>See</u> Def.'s Mot. ¶¶ 1-3.  We find this motion well-taken for the reasons spelled out below.

<u>Legal Analysis</u>

I.     *Standard of Review*

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant moves to dismiss this action for failure to state a claim upon which relief may be granted.  A party moving to dismiss bears a weighty burden.  It must show that the pleadings themselves fail to provide a basis for any claim for relief under any set of facts.  <u>Ed Miniat, Inc. v. Globe Life Ins. Group Inc.</u>, 805 F.2d 732, 733 (7th Cir. 1986), <u>cert. denied</u>, 482 U.S. 915 (1987).

As a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the case in which the allegations of the complaint itself clearly demonstrate that a plaintiff does not have a claim.  <u>Owner-Operator Indep. Drivers Ass'n v. Mayflower Transit, Inc.</u>, 161 F. Supp. 2d 948, 951 (S.D. Ind. 2001) (citing 5A Charles A. Wright and Arthur R. Miller, Federal Practice & Procedure: Civil § 1357).  In addressing a Rule 12(b)(6) motion, we treat all well-pleaded factual allegations as true, and we construe all inferences that reasonably may be drawn from those facts in the light most favorable to the nonmovant.  <u>Lee v. City of Chicago</u>, 330 F.3d 456, 459 (7th Cir. 2003); <u>Szumny v. Am. Gen. Fin.</u>, 246 F.3d 1065, 1067 (7th Cir. 2001).

II.    *Medical Components, Inc.'s Claim for Dismissal*

Medical Components, Inc. contends that Plaintiffs' claims against it should be dismissed because it has not been properly named in any complaint.  Plaintiffs' Complaint named "MedComp, Inc.," an Indiana corporation, as the sole Defendant. Medical Components, Inc., a Pennsylvania corporation (which does manufacture medical supplies, including catheters), has no relationship to MedComp, Inc.[3]  Medical Components, Inc. states that the only notice it received of the lawsuit was the alias summons served on it in Pennsylvania, which actually only provided notice that *MedComp, Inc.* was being sued (since the summons was incorrectly addressed to MedComp, Inc. at Medical Components, Inc.'s address).[4]  Def.'s Mem. at 2.

Moreover, Medical Components, Inc. asserts that Plaintiff's claims against it are time-barred, because a proper summons was not served on it within two years after the alleged injury (here, May 13, 2006), as the statute of limitations requires.  See Ind. Code § 34-20-3-1(b)(1); Dague v. Piper Aircraft Corp., 418 N.E.2d 207 (Ind. 1981).  In a diversity case we cite Indiana procedural requirements, noting here that Indiana law holds that a complaint must be filed and summons tendered to the clerk within the statutory

---

[3] Some of the confusion as to which corporation was the proper defendant here is likely due to the fact that "MedComp" is a registered trademark of Medical Components, Inc.  See Def.'s Mem. at 2 fn. 2.

[4] Alternatively, Medical Components, Inc. asserts that, even if the alias summons *did* constitute proper service, it did not receive service of the alias summons until 159 days after the Complaint was filed, placing it outside the 120-day time limit prescribed by Federal Rule of Civil Procedure 4(m).

period for a civil action to be timely.  <u>See</u> Indiana Trial Rule 3; <u>Estate of Hunter ex rel.</u>

<u>Hunter v. Young</u>, 802 N.E.2d 1015, 1016-17 (Ind. App. 2004).  Medical Components,

Inc. contends that since it was not served with a summons until October 19, 2006 – apart

from the fact that the summons named another company as the defendant – and has never

been properly named in a complaint, Plaintiff is time-barred from asserting any claims

against it arising from this incident.  Def.'s Mem. at 3.[5]

    Medical Components, Inc. has clearly met its burden here in establishing that

dismissal is appropriate.  Courts generally are hesitant to dismiss viable claims on the

basis of misnomers or "scrivener's errors," and will liberally permit correction of such

mistakes when the properly-named party is not prejudiced by them.  <u>See</u> <u>Hill v.</u>

<u>Shelander</u>, 924 F.2d 1370, 1375-76 (7th Cir. 1991) ("It is well settled that the Federal

Rules of Civil Procedure are to be liberally construed to effectuate the general purpose of

seeing that cases are tried on the merits. . . . To this end, amendments pursuant to Rule

15(c) [related to party name] should be freely allowed."); <u>Graves v. Gen. Ins. Corp.</u>, 412

F.2d 583 (10th Cir. 1969).  However, this is not such a case.  For one thing, Plaintiffs

have made no effort to amend the original Complaint in order to properly name Medical

Components, Inc. as Defendant.  It seems clear, based on the issuance of the alias

---

[5] In addition, Medical Components, Inc. presents a well-developed argument that any
attempted amendment to Plaintiffs' Complaint in order to properly name Medical Components,
Inc. as a defendant would not relate back to the date of filing of the Complaint, pursuant to
Federal Rule of Civil Procedure 15(c), and thus would still be time-barred.  <u>See</u> Def.'s Mem. at
3-9.  This argument appears to us to be well-founded, but since Plaintiffs have to date made no
such amendments – in fact, they have made no filings at all in this cause since its removal to this
Court – we need not address such arguments at this juncture.

summons, that Plaintiffs must at some point have realized their mistake in serving

MedComp, Inc. as Defendant.  However, their realization came too late, as the service of

the alias summons was outside the time periods permitted by Rule 4(m) and the Indiana

Product Liability Act, and moreover outside the Indiana Trial Rule for timely service of

process.  See Estate of Hunter ex rel. Hunter v. Young, 802 N.E.2d 1015, 1016-17 (Ind.

App. 2004).  In addition, this is not a simple case of a misnomer – it might more

accurately be described as a "mistaken identity" situation.  See Dupuis, 325 A.2d at 782

("misnomer involves misdescription of a party properly served and brought before the

court, whereas mistaken identity is where the wrong party is brought before the court").

The naming of MedComp, Inc. as Defendant, and its description as "an Indiana

Corporation," establish that Plaintiffs initially brought their claims against the wrong

party.  Here, allowing claims to proceed against Medical Components, Inc. would

"impose liability on a new and distinct party" outside the applicable time limits.  See

Tork-Hiis v. Commonwealth, 735 A.2d 1256, 1258 (Pa. 1999).  Thus, Plaintiffs' claims

cannot be permitted to proceed.

Accordingly, Defendant's Motion to Dismiss is GRANTED.  IT IS SO

ORDERED.


Date:   _01/24/2007_____

_Sarah Evans Barker_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Daniel M. Long
LOCKE REYNOLDS LLP
dlong@locke.com

Leslie Brooke Morse
LOCKE REYNOLDS LLP
lmorse@locke.com

Randall R. Riggs
LOCKE REYNOLDS LLP
rriggs@locke.com

Cynthia S. Rose
BAXTER JAMES & ROSE
csr@bjrlegal.com